RABBITT, APPELLEE, *v.* RABBITT, APPELLANT.

(No. L-87-141—Decided February 19, 1988.)

*Jude Aubry,* for appellee.
*Lydy, Moan & Douglas* and *Jeffrey Lydy,* for appellant.

*Per Curiam.* This case is before the court on direct appeal from a decision of the Lucas County Court of Common Pleas, Domestic Relations Division. The facts giving rise to this case are as follows.

Appellee, Bette L. Rabbitt, and appellant, James S. Rabbitt, were married on May 3, 1975. Before their ten-year marriage ended, two children were born, James and Elizabeth. Also prior to the end of this marriage, appellant, who is an attorney, referred a medical malpractice case to attorney Martin W. Williams, for which he was to receive a referral fee. Before appellant received this referral fee, appellee requested that the trial court grant an injunction enjoining the payment of the referral fee pending the outcome of the divorce proceedings. Appellee's request for injunctive relief was granted pending the determination of whether such a referral fee is marital property. The trial court determined that the referral fee was marital property and subject to division. It is from this decision that appellant appeals and sets forth the following three assignments of error:

"1. The Trial Court erred and abused its discretion in enjoining the payment of the medical malpractice referral fee of $128,000.00 to Appellant and determining the same to be a marital asset.

"2. The Trial Court erred and abused its discretion in awarding all assets to Appellee and in providing in the final decree an award to Appellant sufficient enough only to permit Appellant to pay his income tax liability.

"3. The Trial Court erred in failing to grant Appellant's motion for new trial."

The issue presented in appellant's first assignment of error is whether a referral fee owed to the appellant is a marital asset. Appellant would have this court hold that such a referral fee is the equivalent of future earnings attributable to a professional degree. In support of his argument, appellant cites to *Stevens* v. *Stevens* (1986), 23 Ohio St. 3d 115, 23 OBR 273, 492 N.E. 2d 131, which held that a professional degree or license is not marital property and the present value of the projected future earnings of the professional spouse is not a marital asset subject to division. This court finds that the *Stevens* case is not applicable to the facts of the case *sub judice.*

In the case *sub judice,* the fee in question cannot be characterized as future earnings but can be more appropriately characterized as deferred compensation. "Future earnings" differ from "deferred compensation" in that future earnings contemplate work

not performed during the marriage. Deferred compensation on the other hand refers to work that has already been performed and earnings already accrued. In the case *sub judice,* appellant had already earned his fee at the time of the injunction thereby making any payment deferred compensation rather than future earnings and therefore we find that the fee is a marital asset and subject to division.

Appellant argues that for the trial court to have found this referral fee to be a marital asset was an abuse of discretion. In light of our holding that a referral fee is a marital asset, we find appellant's argument is without merit and therefore his first assignment of error is not well-taken.

\* \* \*1

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

CONNORS, HANDWORK and GLASSER, JJ., concur.